Timothy J. Sullivan, J.
This is an application by petitioner, a registered physician’s assistant, wherein he seeks the following relief: (1) a temporary injunction permitting him to continue to accompany his physician employers on their visits to the respondent hospital; (2) an order directing the respondent hospital to comply with the requirements of 10 NYCRR 707.2 by enacting rules and regulations to provide formal procedures under which application may be made by registered physician’s associates applying for privileges in the respondent hospital; (3) an order annulling, vacating, and setting aside the determination of the respondent Howorth, the hospital administrator; (4) a permanent injunction prohibiting respondents from denying petitioner the full privileges necessary to function as a physician’s assistant; (5) a temporary restraining order directing respondents to permit petitioner to function as a physician’s assistant in the respondent hospital; (6) an order restraining the respondents from violating the rights of the patients in the respondent hospital to consult with the petitioner.
Petitioner is a registered physician’s assistant in the State of New York, employed by Drs. Rosch and Goler in Yonkers, New York. It is his contention that he has worked for these doctors since October, 1974 and has visited the respondent hospital in their company since that time with the hospital’s knowledge and consent and without any objection on the part of the respondents. Upon the voluminous conflicting affidavits submitted in this proceeding, the nature and extent of the activities of the petitioner while in the hospital are disputed, and cannot be determined without a hearing. Such hearing is not required at this time, however, for reasons set forth herein.
On January 29, 1976 the respondent Howorth notified one of petitioner’s employers that petitioner’s "use” as a physician’s assistant in the hospital had to be terminated. After an exchange of further correspondence between petitioner’s employers and the respondent hospital, the hospital administrator on February 9, 1976 wrote to Dr. Rosch in part as follows: "I must repeat that there is no provision for physician’s assistants on the organized medical staff of the hospital. *420 Please understand that this is an official order that you discontinue the use of your assistant in any capacity in the hospital.” Petitioner interprets this letter from the hospital administrator as prohibiting his entering the hospital even as a visitor during visiting hours to visit a sick friend or even a member of his own family. Upon oral argument of this application, counsel stipulated to an interpretation of Dr. Ho-worth’s letter which would permit the petitioner to visit any patient in the hospital as a visitor during visiting hours, without permitting him in any way to practice as a registered physician’s assistant.
Petitioner contends, inter alia, that the hospital administrator’s actions are arbitrary, in violation of the law, and deprive him of a livelihood in that his employment with Drs. Rosch and Goler has been jeopardized by his not being able to fully function as a registered physician’s assistant in the hospital.
Rather than submitting an answer to the petition herein, the respondents have cross-moved for an order dismissing the action on the grounds that the petition fails to state a cause of action. The respondents erroneously interpret the petitioner’s application as a motion for an order directing the hospital to "in effect create a job for him and to 'appoint’ him to the hospital medical and dental staff in the capacity of a physician’s assistant.” Respondents further set forth that the petitioner never applied to the respondent hospital for any privileges, as required by article 5 of the hospital’s constitution and by-laws, a copy of which has not been furnished to the court but which evidently deals with the extension of privileges to and employment of doctors.
The Legislature of the State of New York in 1971 enacted the legislation creating the designation of a physician’s associate. Section 1 of chapter 1135 of the Laws of 1971 which sets forth the legislative intent states in part as follows: "It is the purpose of this act to provide for the registration of physician’s associates and specialist’s assistants who will be available for employment by physicians to permit medical services to be given to persons not receiving them now and whose qualifications will assure that the health needs of patients are met properly.” (Emphasis supplied.) This chapter of the Laws of 1971 enacted a new article 37 of the Public Health Law, defining the terms "physician’s associate” and "specialist’s assistant”, and by amendment in 1975, the designation physician’s associate was changed to be "physician’s assistant”. The *421 definition of a physician’s assistant is by statute, a person who is registered as a physician’s assistant pursuant to section 6531 of the Education Law. (Public Health Law, § 3700, subd 1.) Section 6531 of the Education Law simply defines the practice of physical therapy and evidently the aforesaid subdivision 1 of section 3700 and chapter 1135 of the Laws of 1971 contain an error in referring to section 6531 of the Education Law and should recite section 6540 of said statute which does define a physician’s assistant as "a person who is registered as a physician’s assistant pursuant to this Article.” Section 6541 of the Education Law provides for the registration of physician’s assistant and specialist’s assistant and the requirements therefor and section 6542 provides that physician’s and specialist’s assistants may perform medical services with certain restrictions as set forth in the statute. The primary restriction upon performance of medical services by these assistants is that their services be performed under the supervision of a physician and that such acts and duties of the assistant be within the scope of practice of the supervising physician. No mention is made of supervision of the assistants by a hospital. Subdivision 5 of section 6542 provides as follows: "Nothing in this article shall prohibit a hospital from employing physician’s assistants or specialist’s assistants provided that they work under the supervision of a physician designated by the hospital and not beyond the scope of practice of such physician”. Section 6543 of the Education Law requires every physician to file an appropriate notice with the Education Department upon employing or discharging a physician’s assistant or a specialist’s assistant, but there is no such requirement with respect to hospitals. Section 3701 of the Public Health Law empowers the commissioner to promulgate regulations defining and restricting the duties which may be assigned to physician’s assistants and specialist’s assistants by their supervising physician, the degree of supervision required and the manner in which such duties may be performed. Again this statute speaks of physician’s assistants and specialist’s assistants being under the supervision of their supervising physician, and not the supervision of any hospital as such.
We now come to Part 707 of the State Hospital Code, contained in 10 NYCRR Part 707. Section 707.1 simply provides that all hospitals as defined under article 28 of the Public Health Law . shall be subject to the provisions of this Part. There is no claim herein that the respondent hospital is *422 not subject to the provisions of the State Hospital Code, but the petitioner and respondents differ as to the interpretation to be given to sections 707.2 and 707.3. Section 707.2 states as follows: "The medical board, or for medical facilities having no medical board a medical advisory committee composed of at least two currently registered physicians, shall adopt with governing board approval bylaws, rules and regulations which provide formal procedures for the evaluation of the application and credentials of registered physician’s associates [now assistants by statute as indicated herein] and registered specialist’s assistants applying for employment or privileges in the facility for the purpose of providing medical services under the supervision of a physician.” (Emphasis supplied.)
Section 707.3 provides general standards for "medical facilities employing or extending privileges to registered physician’s associates [now "assistants” by statute], registered specialist’s assistants or both”.
Petitioner contends that the respondent hospital is mandated by section 707.2 to enact rules and regulations providing for privileges for physician’s assistants. The respondents contend that under section 707.3 of the State Hospital Code a hospital is required to enact such rules and regulations only if it chooses to grant privileges to registered physician’s assistants. The hospital further claims that no one including the petitioner herein ever applied for privileges at the respondent hospital as a registered physician’s assistant or a registered specialist’s assistant. The court holds, after a careful reading of the legislative intent as expressed in section 1 of chapter 1135 of the Laws of 1971 and all of the aforesaid statutes referred to herein, that the intention of the Legislature, and in fact, the plain meaning of the statutes and Part 707 of the State Hospital Code is to provide assistants to work for and under the supervision of physicians and specialists, not hospitals as such. Section 707.2 of the State Hospital Code mandates hospitals as defined under article 28 of the Public Health Law to'adopt by-laws, rules and regulations providing for formal procedures for the evaluation of the application and credentials of registered physician’s assistants and registered specialist’s assistants who apply for employment or privileges in the facility for the purpose of providing medical services under the supervision of a physician. If a hospital employs physician’s assistants or specialist’s assistants, they still have to be under the supervision of a physician. The *423 statutory scheme requires the subject hospitals to establish criteria for evaluating and granting privileges to registered physician’s assistants or registered specialist’s assistants employed by physicians and who will provide medical services under the supervision of such physician. There is no requirement for any hospital to employ on its own staff any of these medical personnel if it does not wish to. No registered physician’s assistant or registered specialist’s assistant can require a hospital to employ him or her. A registered physician’s assistant or registered specialist’s assistant in the same position as the petitioner herein is entitled to have a hospital comply with the provisions of section 707.2 of the Hospital Code and enact a means whereby application may be made for privileges in connection with employment by and under the supervision of his or her employing physician or specialist. The enabling legislation would be meaningless if a hospital could refuse to set up criteria for extension of privileges under proper supervision as required by the statute and hospital code. They need not employ registered physician’s assistants or registered specialist’s assistants but they must extend an opportunity to registered physician’s assistants or registered specialist’s assistants employed by physicians who have privileges in the hospital to seek privileges to perform those services they are authorized to do by law, under the supervision of their employing physician. The purported issue of malpractice insurance, raised in the papers, is totally irrelevant in this proceeding and need not be discussed by the court.
There is no question but, as stated in the supplemental affidavit of respondent Howorth, that "it is axiomatic that each individual desiring to render care to patients at a hospital, regardless of the form that such care will take, must first be approved by the hospital and then be advised as to what limitations, if any, are imposed upon his privileges.” The statutes establishing registered physician’s assistants and registered specialist’s assistants expressly extend the hospital’s authority to make such rules and regulations to those seeking privileges or employment as registered physician’s assistants or registered specialist’s assistants. The court therefore holds that section 707.2 of the State Hospital Code requires respondent hospital to adopt by-laws, rules and regulations to provide procedures for the evaluation of the application of registered physician’s assistants and registered specialist’s assist *424 ants applying for privileges, but that with respect to employment of registered physician’s assistants and registered specialist’s assistants, neither the State Hospital Code nor any of the enabling statutes as set forth herein require any hospital to employ either category of personnel, the code provision being applicable only in the event such hospital chooses to employ these professionals in which case by-laws, rules and regulations must be adopted to establish procedures for evaluating such applicants,
Now, with respect to the forms of relief sought by the parties herein, the cross motion to dismiss the petition is denied and the respondents are directed to serve an answer within 20 days after service of the order to be entered hereon. The petitioner’s application for an order directing the respondent hospital to comply with 10 NYCRR 707.2 by enacting rules and regulations relative to physician’s assistants is granted and the court will afford respondent’s counsel an opportunity to advise the court, after consultation with respondents, as to how much time the respondents reasonably require for formulating such rules and regulations, prior to the court’s entry of an order herein. The application for an order vacating the determination of the respondent hospital director directing Dr. Rosch and Dr. Goler to discontinue the use of the petitioner in any capacity in the hospital and the petitioner’s application to be restored to the same status he occupied for the past 18 months is disposed of, in view of the conflicting affidavits on the nature and extent of petitioner’s activity during this period of time, by directing that petitioner, pending the determination of this action, be permitted to accompany his employers, Dr. Rosch and Dr. Goler to the respondent hospital and to be present with them before, during, and after hospital visiting hours provided that he does not render any of the medical services which he now renders outside of the hospital under the supervision of his employers. Except to the extent indicated herein, the petitioner’s requests for preliminary relief are denied.
After appropriate by-laws, rules and regulations have been adopted by the respondent hospital as directed herein, the petitioner may make application to the hospital for privileges, and if denied, may then seek such remedy as he may deem appropriate.
Submit order on notice.